Sidney Squire, J.
The claim (pleading) herein, filed and served on February 24, 1956, seeks $25,000 damages from the defendant on two causes of action. The first, for assault, requests $10,000, and the second, for 11 false imprisonment”, demands $15,000.
On Thursday, December 1,1955, and for about five years prior thereto, claimant was a wholesale costume jeweler. She was in business for herself in Paterson, New Jersey, where she lived. On said day, the lady was in Manhattan, New York City. Earlier in the day she had bought three dozen imitation pearl necklaces from Andre Pearl Manufacturing Co. Inc., at 1261 Broadway. She had also purchased two pair of shoes for herself.
At about 4:30 p.m., she bought six jeweled bottle pourers at the office of Novelty Jewelry Co., on the sixth floor at 298 Fifth Avenue. She took the elevator to the fifth floor, being the sole passenger with the elevator operator. When she stepped out of the elevator on said floor, a person behind her pushed her, grabbed hold of her, ‘ ‘ locked ’ ’ her arms and with an elbow in her back, and pushed her into the office of the Kaufman Novelty Co. The doorway to that office was about four or five feet from the elevator exit.
Claimant was then carrying in various packages the shoes, necklaces and bottle pourers, in addition to her handbag. The lady screamed, was frightened, became excited and wanted to know what was happening. The man “ grabbed ” her packages, *596 “ ripped ” them from her, opened them, and emptied her pocket-hook. All of this was unprovoked by claimant and without her consent or approval.
He placed official “ Unlawfully Made ” stickers or labels on her packages. He detained her against her will.
The man said that he was a New York State Labor Department inspector and that she was doing “ illegal homework.” When he opened the packages, he found therein the aforesaid articles and the respective invoices from the two companies where the claimant had purchased the necklaces and bottle pourers. He identified himself as Harry Caine. At that time he was employed by the defendant in the capacity stated and acting within the scope of said employment in the regular course of business of the defendant.
When he saw the invoices for the articles which claimant was carrying, he said that they did not “mean anything;” that she was “dealing with the Labor Department;” that if she “ admitted ” she was a homeworker she might be able to get out sooner. When claimant pleaded to be permitted to leave because she had an appointment elsewhere, he would not let her go. This took place in the outer office of the Kaufman Novelty Company. There was no telephone in the room. At the time there was no one else in said outer office. As a consequence of the foregoing, claimant “ felt sick ” and “ headachy.” She was “ frightened to death.”
There was no proof of any wrongdoing of any kind by claimant at any time. What occurred was unwarranted. There were no circumstances or combination of circumstances demonstrated to condone these events.
The defendant’s employee, Harry Caine, testified before me. He made a most unfavorable impression. On the issues of credibility between the claimant and him, I give credence to the claimant. Her evidence preponderates. She sustained the burden of proof as to each cause of action.
When claimant returned home, she was sick and was attended by her personal physician who administered to her on two further occasions during the subsequent week. For the following two days, she was nauseous and could not retain food. The lady continued to feel sick for about three weeks but remained at home for one week.
Unfortunately, her physician expired the year after this incident, so that claimant could not prove certain special damages or the essential causal relationships.
Claimant was physically assaulted by said Caine. He also detained the lady without legal authority. There was no prob *597 able cause or justification for these acts of defendant’s employee. The uses of force and restraint were improper and unreasonable. Moreover, the burden of proving justification is upon the defendant. This burden was not sustained by it.
The defendant is liable to the claimant for the foregoing wrongful acts. Claimant’s resultant damages are assayed as follows: $450 for the assault and $400 for the unlawful detention. Claimant is entitled to judgment against the defendant for $850.
Defendant’s motions made at the close of claimant’s case and at the end of the trial, as to which decisions were reserved, are now denied.